UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA
WESTERN DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | CASE NO. C07-3076DEO |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | JUDGMENT |
| | ) | |
| CHAD K SHAW and RANAE S SHAW, | ) | |
| | ) | |
| Defendants. | ) | |

This matter came before the Court. The issues have been decided and a decision has been rendered.

IT IS ORDERED AND ADJUDGED that judgment is hereby entered in accordance with the attached Judgment and Decree of Foreclosure filed on February 1, 2008.

DATED: February 1st, 2008.

Robert L Phelps - Clerk

BY: s/KFS
Deputy Clerk

APPROVED AS TO FORM:

_____
DONALD E O'BRIEN
Senior Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CENTRAL DIVISION

UNITED STATES OF AMERICA, )
)
Plaintiff )
)
v. ) Civil No. 07-3076DEO
)
CHAD K. SHAW, et al. )
)
Defendants )

**JUDGMENT AND DECREE OF FORECLOSURE**

This matter is before the Court on Plaintiff's Motion for Summary Judgment. The Court finds no genuine issue of material fact exists herein which would give rise to a valid defense on behalf of any of the Defendants. Further, Plaintiff is entitled to judgment as a matter of law. The Motion for Summary Judgment is granted. IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED:

1. The Court has jurisdiction over all parties, the Motion for Summary Judgment is granted against Defendants Chad K. Shaw aka Chad Kenneth Shaw and Ranae S. Shaw aka Ranae Sue Shaw. Defendants Chad K. Shaw and Ranae S. Shaw have filed an answer to the complaint. Defendants request that Plaintiff prove the proper amount of principal and interest. The Court finds that there exists no genuine issue of material fact and that Plaintiff is entitled to judgment as a matter of law.

2. Judgment is hereby rendered *in rem* against the personal property (described in the attached list) and *in personam* against Defendants Chad K. Shaw and Ranae S. Shaw affecting their interest in the personal property, and to the extent an in

personam judgment is entered against the defendants, it shall also be a judgment lien against all other property of the Defendant's, for the total sum of $146,477.14 principal and $31,638.25 interest as of January 10, 2008, plus interest accruing thereafter at a rate of $18.7685 per day to this date totaling $412.91 _____, plus costs in this action in the total amount of $378.00 ($28.00 costs of service of complaints, $350.00 for costs of court), and statutory interest after judgment.

4. Plaintiff's security interests are hereby established and declared to be first, superior and paramount lien on the property described in the attached list. All the rights, title and interest, claims and liens in and to the personal property which the defendants claim or may have therein, whether the rights, title, interest, claims or liens be legal or equitable, are hereby decreed to be subsequent, inferior and junior to the right, title, interest, claims and lien of the plaintiff.

5. Plaintiff's security interests are hereby foreclosed for the full amount of the Judgment. This Judgment is decreed to be a lien on the personal property from December 19, 1984. Defendants and all persons claiming by, through, and under them are barred and foreclosed from all rights, title and interest in the personal property with no post sale right of redemption.

6. A Writ of Special Execution shall issue against the personal property described in the attached list, situated in Cerro Gordo and Hancock County, Iowa.

Under the Writ of Special Execution, the United States Marshal for the Northern District of Iowa or his representative is commanded to sell the personal property in aid and enforcement of the claim, rights and Judgment of the plaintiff at public sale in

2

accordance with 28 U.S.C. §§ 2001-2003. The sale shall be subject to any unpaid real property taxes or special assessments.

7. The Farm Service Agency is appointed joint custodian to secure the services of a professional auctioneer and other necessary persons, for the removal of the personal property collateral to a neutral site and for the care, cleaning, preparation and sale of the personal property collateral.

8. The United States Marshal shall coordinate with Farm Service Agency and take whatever steps are necessary to insure the peaceable removal of the personal property collateral to a neutral site, and the sale of paid personal property collateral at a public sale.

9. The United States Marshal and/or Farm Service Agency as joint custodian, shall give public notice of the time and place of the sale in the manner provided by law, and the publication shall be in a regularly issued newspaper of general circulation within Cerro Gordo County, Iowa, published once a week at least four (4) weeks prior to the sale. Pursuant to 21 USC §§ 2001, 2002 and 2004, since Cerro Gordo and Hancock County are bordering counties, publication can be perfected by publishing in one newspaper of general circulation in both counties such as the Mason City Globe Gazette.

10. Since there is no right of redemption upon the sale of the personal property at public sale the United States Marshal shall deliver possession of the personal property and shall issue a Marshal's Bill of Sale to the buyers without any warranties stating the price paid without further order of this Court. The auctioneer, after first deducting the costs of the sale incurred by it and the joint custodian, shall turn

3

over funds received to the United States Marshal to be distributed according to the judgment and decree.

11. If the property is purchased by a bid other than that of the plaintiff, after deducting the costs of the sale from the proceeds thereof, the Marshal shall deposit the proceeds with the Clerk of Court pending confirmation of the sale and direction by the Court as to payment of the proceeds.

12. Proceeds from the sale of the items of personal property shall be paid to the lien holders as set out in the list of personal property attached hereto.

11. If the plaintiff shall be the successful bidder at the sale, the United States Marshal may take the receipt of the plaintiff in lieu of cash payment.

9. The United States Marshal shall make and execute to the purchaser at the sale a Certificate of Purchase, stating the price thereof, and shall deliver same to the purchaser and also make report of the sale to this Court.

11. If the sale is confirmed by this Court, there being no right of redemption, a Marshal's Deed shall issue forthwith to the purchaser at the sale, or his heirs, representatives, or assigns, and possession of the premises sold shall be given to the holder of the Deed. If the holder of the Deed is denied possession, a Writ of Assistance may issue out of this Court upon the filing of a proper Praecipe and without further order of this Court. The Writ shall be issued to place the holder of the deed in the peaceable possession of the personal property.

12. Out of the proceeds arising from the sale there will be satisfied in the following order as far as the same shall be sufficient:

    a. The costs of the sale and of this action;

b.  Plaintiff's *in rem* Judgment against the property and *in personam* judgment against Defendants Chad Kenneth Shaw and Ranae Sue Shaw;

c.  The balance thereof, if any, to be brought into the Court to await further order.

13. To the extent a deficiency judgment exists on an *in personam* judgment after the aforementioned application of sale proceeds, the Court retains jurisdiction to allow plaintiff to pursue collection in accordance with the law.

**Dated:** 02-01-2008

*Donald E. O'Brien*

DONALD E. O'BRIEN, Senior Judge
UNITED STATES DISTRICT COURT